## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| Terry Jacobs | : | Case No. 1:17-CV-74 |
| 6561 Madeira Hills Drive | | |
| Cincinnati, OH 45243 | : | Judge |
| | | |
| Plaintiff, | : | |
| | | |
| | : | |
| vs. | | **PLAINTIFF'S COMPLAINT** |
| | : | **WITH JURY DEMAND** |
| TRANS UNION, LLC | | |
| c/o CSC-Lawyers Incorporating Service | : | |
| 50 W. Broad St, Suite 1800 | | |
| Columbus, OH 43215; | : | |
| | | |
| EQUIFAX INFORMATION SERVICES, LLC | : | |
| c/o CSC-Lawyers Incorporating Service | | |
| 50 W. Broad St, Suite 1800 | : | |
| Columbus, OH 43215; | | |
| | : | |
| MACY'S RETAIL HOLDINGS, INC. | | |
| c/o CSC-Lawyers Incorporating Service | : | |
| 50 W. Broad St, Suite 1800 | | |
| Columbus, OH 43215; | : | |
| | | |
| TOYOTA MOTOR CREDIT CORPORATION | : | |
| c/o CT Corporation System | | |
| 1300 E. 9th St | : | |
| Cleveland, OH 44114; | | |
| | : | |
| BMO HARRIS BANK, N.A. | | |
| 111 West Monroe Street | : | |
| Chicago, IL 60603 | | |
| | : | |
| Defendants. | : | |
| | | |
| | : | |
| | | |
| | : | |

1

NOW COMES THE PLAINTIFF, TERRY JACOBS, BY AND THROUGH COUNSEL, and for his Complaint against the Defendants, pleads as follows:

## PARTIES

1.      At all times relevant to this Complaint, Plaintiff Terry Jacobs ("Jacobs") has been an Ohio resident, residing at 6561 Madeira Hills Drive, Cincinnati, Ohio 45243, which is in Hamilton County.

2.      Defendant Trans Union LLC ("Trans Union") is a foreign limited liability company that is registered to, and regularly conducts, business in Ohio, including Hamilton County.

3.      Defendant Toyota Motor Credit Corporation ("Toyota") is a foreign corporation that is registered to, and regularly conducts, business in Ohio, including Hamilton County.

4.      Defendant BMO Harris Bank, N.A. ("BMO Harris Bank") is a national banking association that maintains its office in Illinois, but regularly conducts business in Ohio, including Hamilton County.

5.      Macy's Retail Holdings, Inc. ("Macy's") is a foreign corporation that is register to, and regularly, conducts business in Ohio, including Hamilton County.

6.      Equifax Information Services, LLC ("Equifax") is a foreign limited liability company that is register to, and regularly, conducts business in Ohio, including Hamilton County.

## JURISDICTION AND VENUE

7.      Jurisdiction in this case is proper under 28 U.S.C. § 1331, as the Plaintiff's claims arise under the Fair Credit Reporting Act, 15 U.S.C. §1681, et al.

8.       Venue is appropriate in this Court under 28 U.S.C. § 1391(b) because each of Defendants' contacts with this district are sufficient to subject it to this Court's personal jurisdiction.

## **GENERAL ALLEGATIONS**

9.      On or about September 8, 2016, Plaintiff obtained his Trans Union and Equifax credit files and noticed that Toyota Motor Credit Corp was reporting its trade line with account number 7040176194515**** with a remark which stated, "Dispute Investigating Complete-Consumer Disagrees." He also noticed that M&I Branch of BMO Harris Bank was reporting its trade line with account number 506109820**** with the same remark which stated, "Dispute Investigation Complete-Consumer Disagrees" on his Trans Union credit file. Further, Plaintiff noticed that Macy's was reporting its trade line with account number 424863732* with a remark which stated, "Consumer Disputes This Account Information" on his Equifax credit file.

10.     The above trade lines are hereinafter referred to as "Errant Trade Lines."

11.     Mr. Jacobs no longer disputed the above Errant Trade Lines so on or about October 27, 2016, Mr. Jacobs submitted a letter to Trans Union and Equifax stating that he no longer disputed the Errant Trade Lines. Mr. Jacobs requested that the disputed language be removed from the Errant Trade Lines.

12.     Upon information and belief, Trans Union and Equifax forwarded Mr. Jacobs' consumer dispute to Toyota, M&I Branch of BMO Harris Bank and Macy's.

13.     On or about November 29, 2016, Mr. Jacobs received Trans Union's investigation results which showed that both Toyota and M&I Branch of BMO Harris Bank retained the disputed language on the Errant Trade Lines. Specifically, they retained the language which stated, "Dispute Investigating Complete-Consumer Disagrees" on both Errant Trade Lines.

14.     On or about December 3, 2016, Mr. Jacobs received Equifax's investigation results which showed that both Toyota and Macy's retained the disputed language on the Errant Trade Lines. Specifically, Macy's retained the language which stated, "Consumer Dispute This Account

Information" and Toyota retained the language which stated, "Consumer Disputes After Resolution."

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY TOYOTA

15.     Plaintiff realleges the above paragraphs as if recited verbatim.

16.     After being informed by Trans Union and Equifax that Mr. Jacobs no longer disputed the Errant Trade Line, Toyota negligently failed to conduct a proper investigation of Mr. Jacobs' dispute as required by 15 USC 1681s-2(b).

17.     Toyota negligently failed to review all relevant information available to it and provided by Trans Union and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union and Equifax to remove the disputed language from Mr. Jacobs's credit file.

18.     The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Jacobs' consumer credit file with Trans Union and Equifax to which it is reporting such trade line.

19.     As a direct and proximate cause of Toyota's negligent failure to perform its duties under the FCRA, Mr. Jacobs has suffered damages, mental anguish, suffering, humiliation and embarrassment.

20.     Toyota is liable to Mr. Jacobs by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21.     Mr. Jacobs has a private right of action to assert claims against Toyota arising under 15 USC 1681s-2(b).

        WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against the Defendant Toyota for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TOYOTA

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Trans Union and Equifax that Mr. Jacobs disputed the accuracy of the information it was providing, Toyota willfully failed to conduct a proper reinvestigation of Mr. Jacobs' dispute.

24. Toyota willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Toyota's willful failure to perform its respective duties under the FCRA, Mr. Jacobs has suffered damages, mental anguish, suffering, humiliation and embarrassment.

26. Toyota is liable to Mr. Jacobs for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against the Defendant Toyota for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY BMO HARRIS BANK

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28.     After being informed by Trans Union that Mr. Jacobs no longer disputed the Errant Trade Line, BMO Harris Bank negligently failed to conduct a proper investigation of Mr. Jacobs' dispute as required by 15 USC 1681s-2(b).

29.     BMO Harris Bank negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union to remove the disputed language from Mr. Jacobs' credit file.

30.     The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Jacobs' consumer credit file with Trans Union to which it is reporting such trade line.

31.     As a direct and proximate cause of BMO Harris Bank's negligent failure to perform its duties under the FCRA, Mr. Jacobs has suffered damages, mental anguish, suffering, humiliation and embarrassment.

32.     BMO Harris Bank is liable to Mr. Jacobs by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

33.     Mr. Jacobs has a private right of action to assert claims against BMO Harris Bank arising under 15 USC 1681s-2(b).

        WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against the Defendant BMO Harris Bank for damages, costs, interest and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BMO HARRIS BANK

34.     Plaintiff realleges the above paragraphs as if recited verbatim.

35.     After being informed by Trans Union that Mr. Jacobs disputed the accuracy of the information it was providing, BMO Harris Bank willfully failed to conduct a proper reinvestigation of Mr. Jacobs' dispute.

36.     BMO Harris Bank willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

37.     As a direct and proximate cause of BMO Harris Bank's willful failure to perform its respective duties under the FCRA, Mr. Jacobs has suffered damages, mental anguish, suffering, humiliation and embarrassment.

38.     BMO Harris Bank is liable to Mr. Jacobs for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against the Defendant BMO Harris Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY MACY'S

39.     Plaintiff realleges the above paragraphs as if recited verbatim.

40.     After being informed by Equifax that Mr. Jacobs no longer disputed the Errant Trade Line, Macy's negligently failed to conduct a proper investigation of Mr. Jacobs' dispute as required by 15 USC 1681s-2(b).

41.    Macy's negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the disputed language from Mr. Jacobs' credit file.

42.    The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Jacobs' consumer credit file with Equifax to which it is reporting such trade line.

43.    As a direct and proximate cause of Macy's negligent failure to perform its duties under the FCRA, Mr. Jacobs has suffered damages, mental anguish, suffering, humiliation and embarrassment.

44.    Macy's is liable to Mr. Jacobs by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

45.    Mr. Jacobs has a private right of action to assert claims against Macy's arising under 15 USC 1681s-2(b).

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against the Defendant Macy's for damages, costs, interest and attorneys' fees.

## COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MACY'S

46.    Plaintiff realleges the above paragraphs as if recited verbatim.

47.    After being informed by Equifax that Mr. Jacobs disputed the accuracy of the information it was providing, Macy's willfully failed to conduct a proper reinvestigation of Mr. Jacobs' dispute.

48.    Macy's willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

49.    As a direct and proximate cause of Macy's willful failure to perform its respective duties under the FCRA, Mr. Jacobs has suffered damages, mental anguish, suffering, humiliation and embarrassment.

8

50.     Macy's is liable to Mr. Jacobs for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against the Defendant Macy's for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

51.     Plaintiff realleges the above paragraphs as if recited verbatim.

52.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Jacobs as that term is defined in 15 USC 1681a.

53.     Such reports contained information about Mr. Jacobs that was false, misleading, and inaccurate.

54.     Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Jacobs, in violation of 15 U.S.C. § 1681e(b).

55.     After receiving Mr. Jacobs' consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

56.     As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Jacobs has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

57.     Trans Union is liable to Mr. Jacobs by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY TRANS UNION

58.     Plaintiff realleges the above paragraphs as if recited verbatim.

59.     Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Jacobs as that term is defined in 15 USC 1681a.

60.     Such reports contained information about Mr. Jacobs that was false, misleading, and inaccurate.

61.     Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Jacobs, in violation of 15 U.S.C. § 1681e(b).

62.     After receiving Mr. Jacobs' consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

63.     As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Jacobs has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

64.     Trans Union is liable to Mr. Jacobs by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

65.     Plaintiff realleges the above paragraphs as if recited verbatim.

66.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Jacobs as that term is defined in 15 USC 1681a.

67.     Such reports contained information about Mr. Jacobs that was false, misleading, and inaccurate.

68.     Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Jacobs, in violation of 15 U.S.C. § 1681e(b).

69.     After receiving Mr. Jacobs' consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

70.     As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Jacobs has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

71.     Equifax is liable to Mr. Jacobs by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT X

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EQUIFAX

72.     Plaintiff realleges the above paragraphs as if recited verbatim.

73.     Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Jacobs as that term is defined in 15 USC 1681a.

74.     Such reports contained information about Mr. Jacobs that was false, misleading, and inaccurate.

75.     Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Jacobs, in violation of 15 U.S.C. § 1681e(b).

76.     After receiving Mr. Jacobs' consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

77.     As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Jacobs has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

78.     Equifax is liable to Mr. Jacobs by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

WHEREFORE, PLAINTIFF PRAYS that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

<u>**PRAYER FOR RELIEF**</u>

Wherefore, Plaintiff asks this Court to enter judgment in his favor as follows:

a.       Statutory damages

b.       Actual damages;

c.       Punitive damages;

d.       Damages for pecuniary, economic and emotional damages and loss;

e.       Costs of the action;

f.       Statutory attorney's fees;

g.       Pre and Post-Judgment Interest; and

h.       Any additional relief deemed appropriate by the Court.


Respectfully submitted,

/s/ *Cori R. Besse*_____
Cori R. Besse, Trial Attorney (0081447)
Adam V. Sadlowski (0079582)
SADLOWSKI & BESSE L.L.C.
11427 Reed Hartman Highway, Suite 217
Blue Ash, Ohio 45241
Tel:  (513) 618-6596
Fax: (513) 618-6442
cbesse@sb-lawyers.com
asadlowski@sb-lawyers.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a trial by jury.

> /s/ *Cori R. Besse*
> Cori R. Besse